UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JILL BONG, | Case No. 6:25-cv-01075-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| BARRETT MERSEREAU; JOE LAFOUNTAINE; and DOUGLAS COUNTY SCHOOL DISTRICT 15, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jill Bong brings claims for First Amendment retaliation, Equal Protection violations, and conspiracy to obstruct justice. Several motions are before the Court. For the reasons discussed below, Plaintiff's Motion to Transfer Venue (ECF No. 9), Motion for Preliminary Injunction (ECF No. 25), and Motion for Leave to Amend (ECF No. 83) are DENIED. Defendant Mersereau's Motion to Dismiss (ECF No. 20) and Defendants LaFountaine and Douglas County School District 15's Motion to Dismiss (ECF No. 59) are GRANTED.

## BACKGROUND

Plaintiff Jill Bong is a resident of Douglas County, Oregon. Compl. 2, ECF No. 1.

Defendant Joe LaFountaine is the Superintendent of Defendant Douglas County School District 15 ("DCSD"). *Id.* Defendant Barrett Mersereau is an attorney. *Id.* In addition to being

named as a defendant, Mersereau represents DCSD and LaFountaine in this action. *See, e.g.*, Defs.' Mot. Dismiss 10, ECF No. 5.

Plaintiff's claims in this case arise out of Defendants' conduct in response to other cases and public records requests Plaintiff filed. In March of 2023, Plaintiff filed an employment discrimination action against Oregon and Douglas County officials, challenging her termination after she sought a religious exemption from COVID-19 vaccine requirements. *Bong v. Brown*, No. 23-cv-00417, ECF No. 1. Defendant Mersereau is counsel for the defendants in that case, too. *See, e.g.*, *Bong v. Brown*, No. 23-cv-00417, ECF No. 32.

Plaintiff alleges that she "submitted multiple public records requests . . . to [Defendant DCSD], seeking information to report on matters of significant public concern, including the use of public funds, the scope of legal representation, authority, and possible instances of fraud involving taxpayer resources." Compl. 3. Beginning in fall of 2023, Defendant Mersereau responded to Plaintiff's public records requests on behalf of DCSD. *Id.* at 4; Compl. Ex. B.

"Plaintiff filed multiple [public records request]-related lawsuits in Oregon state court" challenging Defendants' handling of her requests. Compl. 3.[1]

Plaintiff challenges the validity of Defendant Mersereau's legal representation of Defendant DCSD in all of these lawsuits and in handling her public records requests. She alleges that Defendant Mersereau obstructed her discovery efforts and responded to her requests "despite the absence of any formal authority[.]" Compl. 4. Plaintiff also alleges that Defendant LaFountaine unlawfully delegated responsibility to Mersereau, "thereby singling out Plaintiff for differential treatment through an unauthorized intermediary." *Id.* at 5. Plaintiff states that

---

[1] The Court takes judicial notice of those filings under Federal Rule of Evidence 201. *See also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

LaFountaine imposed unusually high fees on her public records requests that "were not calculated to reflect actual costs" and that constituted "targeted retaliation intended to burden and deter Plaintiff's lawful efforts to obtain public information[.]" *Id.* at 5–6.

In this action, Plaintiff brings four claims: two for First Amendment retaliation, alleging that Defendants retaliated against her for filing lawsuits and making public records requests; one for violation of her Equal Protection rights, alleging that that treatment constituted religious discrimination; and one for conspiracy under 42 U.S.C. § 1985(2), alleging that Defendants acted in concert to obstruct Plaintiff's access to justice.

## STANDARDS

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the action must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Id.* at 555 (citation omitted). Moreover, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).

A court must liberally construe the filings of a self-represented plaintiff and give them the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quotation marks and citation omitted).

## DISCUSSION

Several motions are before the Court. Each is discussed in turn below.

**I.     Plaintiff's Motion to Transfer Venue**

To start, Plaintiff moves the Court for a transfer of venue to the Portland division. Pl.'s Mot. Change or Transfer Venue, ECF No. 9.

Plaintiff cites Local Rule 3-2 in support of her motion, and the Court liberally construes Plaintiff's request as a motion to transfer under 28 U.S.C. § 1404. That statute provides that "any action . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. §1404(b). This district determines the appropriate "divisional venue" by looking to "the division of the Court in which a substantial part of the events or omissions giving rise to the claim occurred[.]" LR 3-2(b). Additionally, the Court considers the following factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of

unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Here, Plaintiff's allegations establish that the Eugene division is the division where "a substantial part of the events . . . occurred[.]" LR 3-2(b). Plaintiff resides in Douglas County, as do two defendants, and Plaintiff's claims arise out of public records requests she made in Douglas County. Plaintiff argues that because Defendant Mersereau resides in Clackamas County, the Portland division is the appropriate venue, but all other relevant allegations point to this division as the one where "a substantial part" of the conduct occurred. There are more significant contacts with this forum, and witnesses and evidence would be more readily available here, too. Accordingly, Plaintiff's Motion to Change or Transfer Venue is denied.

## II.     Plaintiff's Motion for Preliminary Injunction

Plaintiff also moves for a preliminary injunction against Defendant Mersereau, arguing that an injunction is necessary to prevent violation of her constitutional rights.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A party seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). "Likelihood of success on the merits is the most important *Winter* factor and is a threshold inquiry." *Roe v. Critchfield*, 137 F.4th 912, 922 (9th Cir. 2025) (quotation marks and citation omitted). If the movant fails to demonstrate "'serious questions

going to the merits,'" the court need not consider the *Winter* factors. *Id.* (quoting *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1134–35 (9th Cir. 2011)).

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to make the showing necessary to support a preliminary injunction. As discussed below, Plaintiff's allegations fail to state a claim, so Plaintiff has not met her burden of demonstrating any of the *Winter* elements or a serious question on the merits. Plaintiff's Motion for Preliminary Injunction is denied.

### III. Defendants' Motions to Dismiss

#### A. Claim Preclusion

Defendants DCSD and LaFountaine ("Douglas County Defendants") move to dismiss Plaintiff's claims that are barred by claim preclusion.

Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not re[-]litigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). This doctrine "shield[s] litigants from the burden of re-litigating identical issues with the same party, . . . avoid[s] inconsistent results[,] and preserv[es] judicial economy." *Clements v. Airport Auth.*, 69 F.3d 321, 330 (9th Cir. 1995). For claim preclusion to apply, there must be: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). On the first element, identity of claims, "[t]he central criterion . . . is whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (quotation marks and citation omitted). Claim preclusion "bars re[-]litigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the

previous action was resolved on the merits." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (quotation marks and citation omitted). Accordingly, claim preclusion may apply even when "an imaginative attorney" or litigant attempts to "avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Id.* at 1077–78.

In *Bong v. Douglas County School District 15*, Douglas County Case No. 24CV45433, Plaintiff challenged DCSD's handling of her public record requests for "[a] copy of [DCSD's] insurance coverages" and "[a] copy of the most recent contract/agreement between The Law Office of Brett Mersereau and [DCSD][.]" Mersereau Decl. Ex. 2, at 3. She challenged Mersereau's "purport[ed] . . . represent[ation]" in handling the requests and alleged that the $79.33 fee estimate was unreasonable. *Id.* at 4–6. She sought declaratory and injunctive relief pursuant to Oregon's public records laws, Or. Rev. Stat. §§ 192.418(1), 192.431(1), 192.431(3), 192.415(1)(b). On May 21, 2024, Judge Ambrosini of the Douglas County Circuit Court entered a general judgment of dismissal after granting Defendant DCSD's motion for summary judgment. Mersereau Decl. Ex. 7, at 1.

Applying claim preclusion principles, that judgment precludes Plaintiff from re-alleging claims here that "arise out of the same transactional nucleus of facts" as the October 2023 records requests and Defendants' involvement in them. *Owens*, 244 F.3d at 714; *Flynn v. State Bd. of Chiropractic Examiners*, 418 F.2d 668, 668 (9th Cir. 1969) (holding that litigants are "not permitted to fragment a single cause of action and to litigate piecemeal the issues which could have been resolved in one action"). Looking to the Complaint, the following allegations are precluded: (1) LaFountaine unlawfully delegated and "rerouted all of Plaintiff's [public records requests] to Mersereau"; (2) "LaFountaine imposed unusually high fees on Plaintiff's public

records requests, including $79.33 to retrieve a copy of [DCSD's] insurance policy"; and (3) Mersereau conspired with LaFountaine to obstruct Plaintiff's access to public records. Compl. 3–7. This all amounts to conduct that Plaintiff challenged, or could have challenged, in the Douglas County case. *See, e.g.*, Compl. Ex. B (October 2023 emails from LaFountaine and Mersereau responding to Plaintiff's requests); Mersereau Decl. Ex. 2 (Plaintiff's complaint in case number 24CV45433 challenging LaFountaine's handling of and Mersereau's authority to respond to her requests). To the extent Plaintiff's claims rely on those allegations, they are dismissed with prejudice.

### B. Claim Splitting

Douglas County Defendants also move to dismiss Plaintiff's claims that are duplicative of claims Plaintiff is litigating in other cases. Plaintiff's claims are not barred on these grounds.

While claim preclusion looks to prior cases that have resulted in a final judgment, the doctrine against claim *splitting* similarly bans suits involving (1) claims "aris[ing] out of the same transactional nucleus of facts" and (2) "the same parties or their privies." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886–87 (9th Cir. 2022) (quotation marks and citation omitted). The purpose of this rule is to "protect the Defendant from being harassed by repetitive actions based on the same claim." *Clements*, 69 F.3d at 328. The bar on claim splitting applies only to successive claims brought in the same court. Claims brought in federal court that are duplicative of claims brought in state court are not barred unless another abstention doctrine applies. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). Accordingly, "overlapping or even identical federal and state court litigation may proceed simultaneously pursuing claims in both courts." *Noel v. Hall*, 341 F.2d 1148, 1159 (9th Cir. 2003).

Here, Defendants argue that claim splitting applies to Plaintiff's Equal Protection claim to the extent that Plaintiff re-alleges a cause of action based on the termination of her employment. As noted above, that cause of action is pending in another matter before this Court. But the Court does not read Plaintiff's Complaint as alleging a duplicative Equal Protection claim. Rather, the Court understands Plaintiff's Equal Protection claim in this case as alleging discrimination based on Defendants' alleged differential treatment of Plaintiff's public records requests. Plaintiff may not bring claims related to her termination in this case because those are being litigated in another case in this Court, but Plaintiff's Equal Protection claim based on her public records requests is not barred by claim splitting.

Defendants also argue that Plaintiff's constitutional claims arising out of her public records requests are barred by claim splitting, because her claims under Oregon's public records law are pending in state court. But, as discussed above, claim splitting applies only to claims brought in the same court, so those claims are not barred either. *Noel*, 341 F.3d at 1163 ("If the federal plaintiff and the adverse party are simultaneously litigating the same or a similar dispute in state court, the federal suit may proceed under the long-standing rule permitting parallel state and federal litigation."). Accordingly, none of Plaintiff's claims are subject to dismissal under claim splitting principles.

### C.    Defendant Mersereau

Defendant Mersereau moves to dismiss Plaintiff's claims on the basis that he is not a state actor and cannot be sued under Sections 1983 or 1985. The Court agrees.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of her rights by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Even when appointed by a government entity, private attorneys are generally not acting under color of state

law. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 n.7 (1981). Where a plaintiff plausibly alleges that a private party engaged in some joint action with state officials, however, that is sufficient to allege that the party acted under color of state law for purposes of Section 1983. *See, e.g.*, *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

      Here, Plaintiff alleges, and Defendant Mersereau does not dispute, that Mersereau "is a private attorney" who is "not an employee, contractor, or authorized agent of the District." Compl. ¶¶ 4, 42. Plaintiff's allegations challenge various actions Defendant Mersereau took as DCSD's attorney during litigation of Plaintiff's other claims. *See, e.g.*, *id.* at ¶¶ 15–20, 23, 34, 37–40, 43, 52, 57. Setting aside whether those allegations indicate that Mersereau acted unlawfully, they do not establish that he is a state actor for purposes of Section 1983. Plaintiff's additional allegations, that Mersereau conspired with state actors to deprive her of her rights, are similarly insufficient to establish any claim against Mersereau. *See, e.g.*, *Simmons v. Sacramento Cnty. Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot sue Mirante's counsel under § 1983, because he is a lawyer in private practice who was not acting under color of state law. Plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient."). And, for the reasons discussed below, Plaintiff has failed to allege any violation of her rights to satisfy the first prong of a claim under Section 1983.

      Plaintiff is further advised that Defendant Mersereau's statements and conduct "undertaken in connection with litigation" are subject to litigation privilege. *See, e.g.*, *Mantia v. Hanson*, 190 Or. App. 412, 417, 423 (2003). This privilege precludes any tort claim, including § 1983 claims, arising out of statements and conduct that "have some reference to the subject matter of the pending litigation." *Wollam v. Brandt*, 154 Or. App. 156, 162–63 (1998); *Manuel v.*

*City of Joliet, Ill.*, 580 U.S. 357, 362 (2017) ("Section 1983 creates a 'species of tort liability[.]'") (citation omitted).

As a final note, Plaintiff, in various filings and in email correspondence to the Court, attempts to challenge Mersereau's authority to represent his clients. *See, e.g.*, Compl. ¶ 34 (alleging that Mersereau "lacked any formal retention, contract, or board authorization to represent the District"); Am. Compl., ECF No. 73. Plaintiff repeatedly questions Mersereau's authority to appear and communicate on behalf of his clients but does not identify any law that gives her the right to challenge Mersereau's representation. Neither does the Court see any legal basis for these claims. As Plaintiff has been told before, she "lack[s] standing to object to what lawyer represents her opponents in court," and "any complaint about the qualifications or status of another party's lawyer should be directed to the court in which that lawyer is appearing[.]" *Bong v. Or. Dep't of Justice*, 341 Or. App. 283, 284 (2025). This Court previously rejected Plaintiff's arguments against Mersereau's representation and sees no reason to depart from those holdings here. *See Bong v. Brown*, No. 23-cv-417, ECF Nos. 225, 228, 232–33.

Accordingly, Defendant Mersereau's Motion to Dismiss is granted, and claims predicated on his alleged lack of authority to represent his clients are dismissed with prejudice.

### D.     Failure to State a Claim

Next, the Court considers Defendants' arguments that Plaintiff fails to state a claim for relief. Based on the above analysis, all claims against Defendant Mersereau and all claims predicated on Plaintiff's October 2023 public records requests are dismissed. The Court considers each of Plaintiff's remaining claims in turn.

1. <u>First Amendment Retaliation</u>

In her first and second claims for relief, Plaintiff alleges that Defendants unlawfully retaliated against her for engaging in protected speech. Defendants argue, and the Court agrees, that Plaintiff's allegations are insufficient to state a claim.

"A plaintiff may bring a Section 1983 claim alleging that public officials, acting in their official capacity, took action with the intent to retaliate against, obstruct, or chill the plaintiff's First Amendment rights." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016). To state a claim for First Amendment retaliation, "the plaintiff must allege that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Id.*

As to the first element, Plaintiff's public records requests amount to constitutionally protected activity. *O'Brien v. Welty*, 818 F.3d 920, 933 (9th Cir. 2016).

As to the second element, Plaintiff alleges that Defendants attempted to chill her speech by responding to her discovery requests, imposing excessive fees for her public records requests, and having Mersereau respond to those requests. "The most familiar adverse actions are exercises of governmental power that are regulatory, proscriptive, or compulsory in nature and have the effect of punishing someone for his or her speech." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 544 (9th Cir. 2010) (quotation marks, alterations, and citation omitted). This "test is generic and objective." *O'Brien*, 818 F.3d at 933. Courts look to whether "ordinary [people] . . . in [Plaintiff's] position" would be chilled by the challenged conduct. *Pinard v. Clatskanie Sch. Dist. 6J,* 467 F.3d 755, 771 (9th Cir. 2006). The complained of action must be more than "a

rather minor indignity," as "de minimis deprivations of benefits and privileges on account of one's speech do not give rise to a First Amendment claim." *Blair*, 608 F.3d at 544.

Here, the Court finds that only Plaintiff's allegation of excessive fees warrants consideration, because an ordinary person would not be chilled by an attorney's routine responses to requests for discovery and public records. Plaintiff does not allege anything that suggests that Mersereau's statements would be construed by an ordinary person as punishment for her speech. With regard to the allegedly excessive fees, Plaintiff challenges Defendants' estimated fees of $79.33 and $130.[2] Compl. 5. The Court expresses no opinion as to whether those fees were in fact chilling, because Plaintiff's claim can instead be resolved on the third element.

As to that third element, Plaintiff must allege facts that allow the Court to plausibly infer that her "protected activity was a substantial or motivating factor in the defendant's conduct" of imposing fees. *Pinard*, 467 F.3d at 770. There must be a "causal connection" between the official's animus and the plaintiff's alleged injury. *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quotation marks omitted). Allegations that officials knew of the plaintiff's protected speech, without more, are insufficient to allege unlawful motive. *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751 (9th Cir. 2001) (citing cases). A plaintiff may allege an unlawful motive by pointing to additional, circumstantial evidence, such as temporal proximity, expressed opposition to the plaintiff's speech, or evidence that the official's "proffered explanations . . . were false and pretextual." *Id.* at 751–52.

---

[2] Plaintiff does not provide sufficient detail to allow the Court to determine exactly which conduct arose out of the October 2023 public records requests and are barred by claim preclusion. As discussed above, if the $79.33 fee was the same one challenged in Douglas County Case No. 24CV45433, any claims related to that estimate are barred.

Plaintiff does not allege sufficient facts to allow the Court to infer that Defendants were motivated by animus toward her speech. As an initial matter, Oregon law specifically provides that public records shall "be provided at a fee reasonably calculated." Or. Admin. R. 250-001-0020(3). Fees as high as $165 are expressly permitted, and agencies may charge as much as $75 per hour for the labor used to process a request. Or. Admin. R. 250-001-0020(5)(b), (g).

Further, Plaintiff's allegations of motive are conclusory and unsupported by factual assertions. Plaintiff does not point to any other circumstantial evidence that would allow the Court to infer that, simply because Defendants knew of Plaintiff's public records requests, they acted with animus in assessing fees, especially where fees are explicitly authorized by Oregon law. Though there is, of course, some temporal proximity between Defendants' responses to Plaintiff's requests, a timely response to a request does not plausibly establish animus in this context. *See, e.g.*, *Blair*, 608 F.3d at 544 (plaintiff failed to sufficiently allege retaliatory conduct where the allegedly adverse actions were taken "[t]hrough the ordinary functioning of the democratic process"). Because Plaintiff does not allege anything more than "mere speculation" that Defendants retaliated against her, she has failed to state a claim for First Amendment retaliation. *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

    2.    <u>Equal Protection</u>

Plaintiff also alleges that Defendants discriminated against her on the basis of her religion in violation of the Equal Protection clause. These allegations do not amount to a cognizable claim.

"To succeed on a § 1983 equal protection claim, the plaintiff[] must prove that the defendants acted in a discriminatory manner and that the discrimination was intentional." *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). "[P]urely conclusory

allegations of alleged discrimination, with no concrete, relevant particulars," are insufficient to state a claim. *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988).

Plaintiff's Equal Protection claim fares no better than her First Amendment claims. Plaintiff alleges that Defendants knew of her religious beliefs and discriminated against her by handling her public records requests differently from others' requests. These allegations are sparse and conclusory, and no factual assertions indicate that Defendants paid any mind to Plaintiff's religion in handling her public records requests, much less that they intended to discriminate against her based on her religion. Plaintiff fails to put forth any "concrete, relevant particulars" and thus fails to state a claim under the Equal Protection clause.

### 3. Conspiracy

Plaintiff also alleges that Defendants conspired against her to violate her constitutional rights. These allegations are also insufficient to state a claim.

"A claim under [42 U.S.C. § 1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Here, Plaintiff's allegations fail to meet that standard. She states that Defendants knew of her religion and acted in concert to handle her public records requests in a discriminatory manner. Not only are those allegations conclusory, but as discussed above, she has failed to allege any violation of her rights. Accordingly, this claim also fails.

/ / /

/ / /

/ / /

/ / /

### IV. Plaintiff's Motion for Leave to Amend

Finally, Plaintiff moves for leave to amend her complaint. Plaintiff filed her original Complaint on June 23, 2025. Compl. Defendant Mersereau moved to dismiss that Complaint on August 4, 2025. Def.'s Mot. Dismiss, ECF No. 20. Douglas County Defendants moved to dismiss that Complaint on September 10, 2025. Defs.' Mot. Dismiss, ECF No. 59. Without Defendants' consent or leave of Court, Plaintiff filed her First Amended Complaint on September 26, 2025. Am. Compl., ECF No. 73. Plaintiff then moved for leave to file an amended complaint on October 2, 2025. Pl.'s Mot. Leave, ECF No. 83. At that time, no fewer than fourteen motions related to Plaintiff's original Complaint were pending before the Court.

Because more than 21 days had passed since Defendant Mersereau moved to dismiss the original Complaint, Plaintiff was entitled to "amend [her] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff obtained neither.

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice is the most important factor. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court finds that granting Plaintiff's motion and allowing the Amended Complaint to supersede the original Complaint would cause undue delay and prejudice Defendants, whose pending motions would be rendered moot. Plaintiff's Amended Complaint, in large part, re-alleges many of the same allegations that failed to state a claim in her original Complaint. She adds as defendants Oregon School Boards Association Property and Casualty Coverage for

Education Trust ("PACE") and Jens Jensen, Director of Property and Casualty Claims for PACE. Am. Compl. 1–2. She also alleges claims against those defendants that challenge their approval of Mersereau's involvement in Plaintiff's cases, which fail for the reasons described above. Plaintiff's Amended Complaint is thus similarly deficient to her original Complaint and the proposed amendments would be futile. However, having now advised Plaintiff of the deficiencies in her Complaint, the Court allows Plaintiff an opportunity to plead her claims and remedy those deficiencies. Plaintiff is advised that failure to comply with this Court's holdings will likely result in dismissal with prejudice and a denial of further leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).

## CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Transfer Venue (ECF No. 9), Motion for Preliminary Injunction (ECF No. 25), and Motion for Leave to Amend (ECF No. 83) are DENIED. Defendant Mersereau's Motion to Dismiss (ECF No. 20) and Douglas County Defendants' Motion to Dismiss (ECF No. 59) are GRANTED. All other motions are DENIED as moot.

Plaintiff's claims predicated on her October 2023 public records requests and Defendant Mersereau's representation of his clients are DISMISSED with prejudice. All other claims are DISMISSED. Plaintiff is permitted to file a Second Amended Complaint remedying these deficiencies within 30 days of this Order.

DATED this 30th day of October 2025.

        s/ Mustafa T. Kasubhai
        MUSTAFA T. KASUBHAI (he/him)
        United States District Judge