UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JILL BONG,

      Plaintiff,

    v.

BARRETT MERSEREAU; JOE
LAFOUNTAINE; DOUGLAS COUNTY
SCHOOL DISTRICT 15; JENS JENSEN;
and OREGON SCHOOL BOARDS
ASSOCIATION PROPERTY AND
CASUALTY COVERAGE FOR
EDUCATION TRUST ("PACE"),

      Defendants.

Case No. 6:25-cv-01075-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jill Bong brings her Amended Complaint alleging First Amendment retaliation, Equal Protection violations, conspiracy to obstruct justice, and denial of due process. Am. Compl., ECF No. 130. Defendants move to dismiss. ECF Nos. 131-32, 139. For the reasons discussed below, Defendants' motions are granted and this case is dismissed with prejudice.

## BACKGROUND

The Court recounted the facts of this case in its October 30, 2025 Opinion and Order, and incorporates those facts here. ECF No. 123. In that Opinion, the Court explained the deficiencies in Plaintiff's allegations, dismissed her claims for failure to state a claim, and allowed her leave

to file an amended complaint. *Id.* Plaintiff's Amended Complaint reasserts many of the same claims and legal theories. *Compare* Op. & Order, ECF No. 123, *with* Am. Compl. Defendants again move to dismiss. ECF Nos. 131-32, 139.

## STANDARDS

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the action must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Id.* at 555 (citation omitted). Moreover, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).

A court must liberally construe the filings of a self-represented plaintiff and give them the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quotation marks and citation omitted).

## DISCUSSION

### I.       Days Creek Defendants' Motion to Dismiss

The Days Creek Defendants move to dismiss all six of Plaintiff's claims. This motion is granted.

#### A.      Claims 1–3

Plaintiff's first three claims, for First Amendment retaliation, fail to state a claim for relief. The Court previously dismissed Plaintiff's retaliation claims for failure to "allege sufficient facts to allow the Court to infer that Defendants were motivated by animus toward [Plaintiff's] speech." Op. & Order 14. The same is true here.

Plaintiff's retaliation claims take issue with Defendants' decisions to involve attorneys in her public records requests and the litigation that followed.  Plaintiff cites no case that suggests that directing communications through an attorney, denying discovery requests, or otherwise employing a particular litigation strategy violates an individual's right to be free from retaliation under the First Amendment. Plaintiff broadly alleges "burdensome" litigation techniques but does not provide any plausible details to substantiate her position that Defendants' conduct was *unconstitutionally* burdensome. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Whatever injuries Plaintiff may have suffered through that litigation, her allegations do not support her theory that Defendants' communications and litigation decisions were made "with the intent to retaliate against, obstruct, or chill" her First Amendment rights. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016).

### B.  Claim 4

Plaintiff similarly fails to state a claim for a violation of her Equal Protection rights. This Court dismissed that claim because Plaintiff's "allegations [were] sparse and conclusory, and no factual assertions indicate that Defendants paid any mind to Plaintiff's religion . . . much less that they intended to discriminate against her." Op. & Order 15.

Plaintiff's amended Equal Protection claim fails for the same reasons. She alleges that Defendants were aware of her minority religious beliefs and treated her public records requests uniquely. But she does not allege anything to plausibly tie those allegations together to show the requisite discriminatory animus or any injury suffered as a result. *See Ave. 6E Invs., LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 504 (9th Cir. 2016) ("Under *Arlington Heights*, a plaintiff must simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the defendant and that the defendant's actions adversely affected the plaintiff in some way."). These allegations remain little more than "purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars," which are insufficient to state a claim. *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988).

### C.  Claim 5

Plaintiff's fifth claim, for conspiracy under 42 U.S.C. § 1985(2), fares no better. Plaintiff again challenges Defendants' litigation-related conduct and fails to allege anything more than conclusory assertions that Defendants conspired to deprive her of her rights. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff's failure to plausibly allege any discriminatory or retaliatory animus is fatal to this claim. *See Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (discussing elements of claims under 42 U.S.C. § 1985(2)).

**D.    Claim 6**

Plaintiff's sixth claim, alleging a due process violation, is also dismissed. That claim again takes issue with Defendants' "burdensome and manipulative legal process . . . to litigate disputes." Am. Compl. 19. She claims that Defendants' discovery tactics were employed to prevent her from obtaining evidence and to delay proceedings. While it is true that "the Due Process Clause grants the aggrieved party the opportunity to present [her] case and have its merits fairly judged," Plaintiff does not allege anything that suggests she was deprived of that opportunity. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982).

The Court is mindful of Plaintiff's self-represented status, but even a liberal construction of her Amended Complaint does not save her claims from dismissal. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (noting that "a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled"); *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) ("Conclusory allegations and unwarranted inferences . . . are insufficient to defeat a motion to dismiss."). The Days Creek Defendants' motion to dismiss is granted.

**II.    Defendant Mersereau's Motion to Dismiss**

The Court previously dismissed claims against Defendant Mersereau because Plaintiff did not allege facts that indicated Mersereau was a state actor for purposes of 42 U.S.C. §1983. Op. & Order 9-11. Plaintiff's Amended Complaint does not remedy this deficiency and otherwise fails to state a claim for the reasons described above. Defendant Mersereau's motion to dismiss is granted. *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) ("Dismissal of a §1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of" either a constitutional violation or a state actor.).

### III.    Defendant PACE and Jensen's Motion to Dismiss

Finally, Defendants PACE and Jensen also move to dismiss Plaintiff's claims. These Defendants argue that Plaintiff does not plausibly allege a state action under 42 U.S.C. § 1983.

"An individual acts under color of state law when he or she exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Naffe*, 789 F.3d at 1036 (quotations omitted). State action can arise from a state actor's "coercive power," "significant encouragement, either overt or covert," or activity "controlled by an agency of the State" or "delegated a public function by the State." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 297 (2001) (quotations and citations omitted).

Plaintiff alleges that Defendant PACE "is a self-insurance trust administered by the Oregon School Boards Association . . . that provides coverage and claims services to school districts including [DCSD]." Am. Compl. 3. She alleges that Defendant Jensen "is PACE's Claims Director" who "is sued in his individual capacity for authorizing, directing, and funding" the conduct in her complaint. *Id.* Defendant PACE states that it "is a public body" that "provides coverage for the District, much like an insurer." Defs.' PACE & Jensen's Mot. Dismiss 5, ECF No. 139; Defs.' PACE & Jensen's Reply 2, ECF No. 142.

The Court need not reach this question because Plaintiff otherwise fails to state a claim for the reasons above. Even if Defendants PACE and Jensen were acting under color of state law for purposes of § 1983, Plaintiff does not allege sufficient facts that allow the Court to infer those Defendants violated Plaintiff's constitutional rights in any way. Defendant PACE and Jensen's motion to dismiss is granted.

**CONCLUSION**

For the reasons discussed herein, Defendants' Motions to Dismiss (ECF Nos. 131, 132, 139) are GRANTED.

This Court has reviewed three complaints by Plaintiff in this case and heard several rounds of motions from various defendants as to those allegations. It is absolutely clear to the Court that Plaintiff could not cure the defects in her Amended Complaint through additional amendment. Allowing Plaintiff leave to amend would be futile and prejudicial to Defendants. Accordingly, this case is DISMISSED with prejudice.

DATED this <u>8th</u> day of July 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge